IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**NELSON ACEVEDO-CRUZ,**
  Petitioner,

  v.  CIVIL NO. 09-1022 (DRD)
   (**Related to Cr. No. 04-381 (DRD)**))

**UNITED STATES OF AMERICA,**
  Respondent.

### UNITED STATES' RESPONSE TO PETITIONER'S
### MOTION TO VACATE SENTENCE

**TO THE HONORABLE COURT:**

COMES NOW, the United States of America through the undersigned attorneys and to this Honorable Court it is very respectfully alleged and prayed as follows:

On December 12, 2008, Nelson Acevedo-Cruz and Noraida Beltrán filed *nunc pro tunc*, motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] (D.E. 277, 278).

Pursuant to the Bureau of Prisons' database, Acevedo-Cruz was released from prison on May 14, 2009. (See Attachment, p. 6). Petitioner's release does not render moot his Section 2255 request for relief. *Robson v. United States*, 526 F.2d 1145, 1147 (1st Cir. 1975) (fact that petitioner was imprisoned at the time he filed the § 2255 motion is sufficient 'custody' to meet the jurisdictional requirement); *Johnson v. Pettiford,* 442 F.3d 917, 918 (5th Cir. 2006) (a petitioner's § 2255 motion is not moot so long as the petitioner remains on supervised release). In short, the

---

1. Both petitions are identical except for the change in gender, and for footnote 21. Therein petitioner Nelson Acevedo-Cruz asserts that if he had known how the acceptance of responsibility affected his sentence, he would have pled guilty, and would have received an acceptance of responsibility "sentence reduction and would have avoided the obstruction of justice sentence enhancement." (See Nelson Acevedo Cruz's petition, p. 19 fn. 21).

three (3) year term of supervised release to follow petitioner's completion of his prison sentence, ensures that his case is not rendered moot before the court rules on his § 2255 motion.

Petitioner alleges that counsel was ineffective because he failed to familiarize himself or inform him of the relevant portion of the sentencing guidelines.[2] (Memorandum, p. 16). Acevedo-Cruz avers that had he known of the applicability of the sentencing guidelines, he would have entered a guilty plea to mitigate the overall term of imprisonment. (Memorandum, p. 19). He further claims that an evidentiary hearing is necessary since the claim pertains to material allegations which took place outside the record and are not therefore part of the files and records of the case. (Memorandum, pp. 20-21). Petitioner's claim lacks merit.

First, the government extended plea offers to petitioner that included a term of imprisonment that was half of the actual term imposed. (See attachments 1-5). These proposals were repeatedly rejected by Acevedo-Cruz and his wife, Noraida Beltrán.[3] Secondly, the PSR reflects that both acknowledged that the government offered jail time, but the offer was rejected because they believed they had not performed any illegal acts. (PSR Addendum, pp. 7-8)

Petitioner's claim is not cognizable in a § 2255 proceeding. Moreover, even if three (3) levels for acceptance of responsibility were to be applied to Acevedo-Cruz's sentence computation,

---

2. The first fifteen (15) pages of the petition are dedicated to background information and an analysis of *Strickland v. Waswhington*, 466 U.S. 668 (1984).

3. The Initial offer was made to the defendants on June 16, 2005. (Attachment, pp. 1-2). Therein, Acevedo-Cruz was offered to be held accountable to "an offense level of 17 of the U.S.S.G...". The government agreed to recommend a sentence of "24 months imprisonment." Thereafter, defendants opted to retain new counsel and on September 23, 2005, the government extended its offer until September 26, 2005. (Attachment, p. 3). Defendants' response was to consider a plea without time served and to litigate the forfeiture, or with a forfeiture that would not exceed $50,000. (Attachment, p. 4). The government rejected this counter offer. (Attachment, p. 5).

the term of imprisonment of forty eight (48) months, imposed, would fall within the applicable guideline range. Accordingly, there was no ineffective assistance of counsel, and Acevedo-Cruz's motion should be dismissed.

**Background**

On November 4, 2004, Noraida Beltrán and her husband, petitioner Nelson Acevedo-Cruz were indicted, together with co-defendant Luis A. García-Hernández, a/k/a Tony, for copyright and trademark infringement (D.E. 2). Specifically, the Indictment charged Acevedo-Cruz with: conspiracy to infringe copyrights in violation of 18 U.S.C. § 371 (Count One); aiding and abetting each other, trafficking in counterfeit labels in copies of motion pictures in violation of 18 U.S.C. §§ 2318(a), (c)(1) and (2) (Count Two); aiding and abetting each other, trafficking in counterfeit goods or services in violation of 18 U.S.C. §§ 2320(a) and (2) (Counts Five through Nine) (D.E. 2). The Indictment also included forfeiture allegations against all three defendants (D.E. 2).

Acevedo and Beltrán proceeded to trial.[4] On November 23, 2004, the jury found them guilty as to all counts in which they were charged (T.Tr. 11/23/0, p. 3; D.E. 118-19). Petitioner Acevedo and his wife waived jury trial on the forfeiture, entering a stipulation covering forfeiture and restitution (T.Tr. 11/23/05, p. 6; D.E. 190).

At sentencing , the court calculated a total offense level of twenty-six (26), for an advisory guideline range of sixty three to seventy eight (63-78) months of imprisonment. (S.H.Tr. 7/3/06, pp. 30, 37). The court sentenced Acevedo-Cruz to forty-eight (48) months of imprisonment as to all counts to be served concurrently with each other (S.H.Tr. 7/3/06, p. 37). The court also imposed

---

4. García-Hernández pled guilty pursuant to a plea agreement with the Government (D.E. 90).

concurrent terms of supervised release of three (3) years as to each count (S.H.Tr. 7/3/06, p. 37). Based on the forfeiture and restitution stipulation, the court did not impose a fine (S.H.Tr. 7/3/06, p. 39). It did, however, impose the per count mandatory special monetary assessment, which totaled $900 (S.H.Tr. 7/3/06, p. 40). Conviction was affirmed on appeal. *United States v. Beltrán*, 503 F.3d 1 (1st Cir. September 14, 2007).

No petition of certiorari was filed, and judgment became final on December 13, 2007. *Derman v. United States*, 298 F.3d 34 (1st Cir. 2002) (a conviction for a federal defendant who fails to file a petition for a writ of certiorari becomes final when the period in which he seasonably might have done so expires).

Thus, since judgment became final on December 13, 2007, pursuant to the Antiterrorism Death Penalty Act, Acevedo-Cruz had until December 15, 2008, to file the motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Accordingly, the petition filed on December 12, 2008, is timely.[5]

## Discussion

Acevedo-Cruz alleges that counsel was ineffective because if he would have been made aware of the applicable sentencing guidelines, he would have considered entering into plea negotiations to mitigate the overall term of imprisonment. The government submits that counsel rendered effective assistance, and petitioner's claims are contrary to the record.

---

5.  December 13, 2008, fell on a Saturday. Pursuant to Rule 6(a)(3) of the Federal Rules of Civil Procedure, Saturday and Sundays are excluded for filing purposes.

**Ineffective assistance of counsel**

The burden of demonstrating ineffective assistance of counsel rests on the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 1984)(noting the defendant must demonstrate that the performance of counsel was deficient, that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment, and that such deficient performance prejudiced the defense). Under the standard outlined in *Strickland*, the petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, Id. at 688, and (2) "but for counsel's ... errors, the result of the proceeding would have been different," Id. at 694. *United States v. Wilkerson*, 251 F.3d 273, 279 (1st Cir.2001) (articulating the Supreme Court's two-prong analysis in *Strickland*).

There is generally no basis for finding a Sixth Amendment violation unless the accused can show how the specific error by counsel undermined the reliability of the finding of guilt. *Morris v. Slappy*, 461 U.S. 1 (1983).

Acevedo-Cruz always denied any wrongdoing. The PSR reflects that although petitioner admitted to making copies of movies, he alleged that he was not committing a crime. (PSR p. 11, par. 44). The PSR also reflects that both, Acevedo and his wife stated to the probation officer that the government had offered them jail time and that they did not agree with the government's offer "because they did not do anything illegal, and everybody was doing it." (PSI Addendum, p. 8). The probation officer's statement addressed counsel's objection to the lack of credit for acceptance of responsibility. (Objection number seven (7); PSR, Addendum pp. 7-8). Accordingly, a guideline adjustment for acceptance of responsibility, could never be made available to him. *United States v. Deppe*, 509 F.3d 54, 60 (1st Cir. 2007) (acceptance of responsibility entails more than merely

mouthing the vocabulary of contrition. Pleading guilty in advance of trial and truthfully disclosing the details of all relevant conduct usually will constitute substantial evidence that a defendant has accepted responsibility); *United States v. Núñez-Rodríguez*, 92 F.3d 14, 17 (1st Cir. 1996) (a guilty plea does not entitle a defendant to a downward adjustment under 3E1.1); *United States v. Gonzalez*, 16 F.3d 985, 991 (9th Cir.1993) (the acceptance of responsibility reduction is available to a defendant who demonstrates real contrition or sincere remorse).  See also U.S.S.G. § 3E1.1, comment (n.3) (guilty plea and "truthful admission" are "significant evidence" of acceptance of responsibility but "may be outweighed by [inconsistent] conduct of the defendant ..."). Therefore, in order to gain entitlement to an acceptance of responsibility reduction, Acevedo-Cruz had to show contrition for the crime of which he was convicted.  Here, Acevedo-Cruz did not show any contrition.

Moreover, petitioner's claim that the court should have given him a three-point reduction in the offense level under U.S.S.G. § E1.1 for acceptance of responsibility, is not a cognizable claim under § 2255. *United States v. Rowland*, 848 F.Supp. 639, 642 (E.D.Va., 1994) (claim that defendant was entitled to reduction for acceptance of responsibility was not fundamental defect entitling defendant to postconviction relief); *Sobode v. United States*, 2007 WL 412235 (S.D.Tex., 2007) (a three point reduction for acceptance of responsibility is a complaint that is not cognizable or redressable in a § 2255 proceeding. Citing, *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."). *See also*, *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 999) (Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left

unaddressed). Acevedo-Cruz should have raised this argument on direct appeal; it is not cognizable now. *Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994) (a nonconstitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances).

Finally, petitioner has suffered no prejudice. As stated before, Acevedo-Cruz opted for jury trial after he rejected the government's offer of a twenty four (24) month term of imprisonment. (See attachments, pp. 1-5). At sentencing, the court determined that petitioner's total adjusted offense level was twenty-six (26), with a criminal history category of one (I). This yielded a guideline imprisonment range of sixty three to seventy eight (63-78) months. (PSR p. 12). During the five (5) day sentencing hearing, counsel moved the court to depart downward, notwithstanding the government's opposition to the departure. A term of imprisonment of forty eight (48) months was imposed. (D.E. 193). Even if petitioner had been granted the three (3) levels for acceptance of responsibility, to which he is not entitled because after he opted for jury trial he failed to show a recognition and affirmative responsibility for his offense, his total offense level would have been twenty three (23).[6] *United States v. Rivera-Ordaz*, 554 F.3d 724, 726 (8th Cir. 2009) (burden is on

---

6. Under the circumstances present in this case, if Acevedo-Cruz had shown a recognition and affirmative responsibility for his offense, and sincere remorse for that offense, he would have been entitled to a two (2) level reduction under the guidelines.
Under U.S.S.G § 3E1.1(a), a than his actual sentence of forty eight (48) two (2) level reduction to the offense level is granted if the defendant demonstrates acceptance of responsibility for his offense. The section provides for a further reduction of one (1) level if the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
(1) timely providing complete information to the government concerning his own involvement in the offense; or
(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to

the defendant to show that he clearly demonstrated acceptance of responsibility, reduction is not intended to be applied when a defendant puts the United States to its burden of proof at trial by denying the essential factual elements of guilt, then expresses remorse upon conviction at jury trial); *United States v. Connelly,* 156 F.3d 978, 982 (9th Cir.1998) (failure to demonstrate contrition and remorse weighs against a finding of acceptance of responsibility, because implicit in acceptance of responsibility is an admission of moral wrongdoing). Pursuant to the 2004 guidelines, offense level twenty three (23) had a sentence exposure of forty six to fifty seven (46-57) months. Thus, the forty eight (48) months sentence imposed is within the guideline range he is now claiming. There was no ineffective assistance of counsel.

**Evidentiary hearing**

Acevedo-Cruz repeatedly requests an evidentiary hearing "where he can prove his case" (petitioner's Memorandum, pp. 20-22). The government submits that since Acevedo-Cruz's allegations do not involve matters outside the record, and because these allegations viewed against the record do not state a claim for relief, the court should deny petitioner's Section 2255 motion without an evidentiary hearing.

Under section 2255, the district court is required to hold an evidentiary hearing "[u]nless the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The district court may deny a section 2255 motion without an evidentiary hearing if the movant's allegations do not involve matters outside the record and if these allegations, viewed

---

allocate its resources efficiently, decrease the offense level by 1 additional level.
Even if he had received a two (2) level reduction, this would only have placed petitioner at a total offense level of twenty four (24), with a guideline imprisonment range of fifty one to sixty three (51-63) months, that is higher months.

against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

### Conclusion

WHEREFORE, in light of the foregoing petitioner's motion should be dismissed.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 29th day of December, 2009.

ROSA EMILIA RODRIGUEZ-VELEZ
UNITED STATES ATTORNEY

/s/ *Nelson Pérez-Sosa*

Nelson Pérez-Sosa - 202201
Assistant United States Attorney
Chief, Appellate Division
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, Puerto Rico 00918
Tel. (787) 766-5656

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 29, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant: Nelson Acevedo-Cruz, HC01, Box 6438, Moca, PR 00676.

In San Juan, Puerto Rico, this 29th day of December, 2009.

*/s/ Nelson Pérez-Sosa*
Nelson Pérez-Sosa
Assistant United States Attorney
Chief, Appellate Division




U.S. Department of Justice

**H. S. Garcia**
*United States Attorney*
*District of Puerto Rico*

*Torre Chardon, Suite 1201*
*350 Carlos Chardon Avenue*
*Hato Rey, Puerto Rico 00918*

(787) 766-5656

June 16, 2005

**Carlos Vazquez, Esq.**
Public Defender's Office
Hato Rey, P.R. 00918
**VIA FAX: (787) 281-4899**

                              Re:    <u>U.S. v. Nelson Acevedo et al.</u>
                                      Crim. No.04-381 (DRD)

Dear counsel:

      As previously discussed, your clients, Nelson Acevedo and Noraida Beltran, are charged with the illegal reproduction and distribution of copyrighted works, specifically, motion pictures; trafficking in counterfeit labels; and trafficking in counterfeit goods in violation of Title 18, <u>United States Code</u>, Sections 2318, 2319 and 2320. Pursuant to the advisory United States Sentencing Guidelines applicable in this case, specifically guidelines 2B5.3 (criminal infringement of copyright or trademark) and 3B1.1 (aggravating role), if Nelson Acevedo proceeded to trial he would be facing a sentencing range of at least 78-97 months of imprisonment (total offense level of 28, criminal history category I.) and Noraida Beltran would be facing a sentencing range of at least 63-78 months of imprisonment (total offense level of 26, criminal history category I.) .

      For the limited purpose of this plea offer, it is the United States proposal that Nelson Acevedo and Noraida Beltran  plead guilty to Count One of the Indictment and the forfeiture allegation, and the United States will recommend the dismissal of the remaining counts and that the defendants, notwithstanding the advisory applicable guidelines in this case, be sentenced as follows:

      <u>Nelson Acevedo</u> be held accountable at level 17 of the U.S.S.G. which, assuming a criminal history category of I, would have an imprisonment range of 24-30 months of imprisonment. The United States would recommend a sentence of 24 months.

      <u>Noraida Beltan</u> be held accountable at level 12 of the U.S.S.G. which, assuming a criminal history category of I, would have an imprisonment range of 10-16 months of imprisonment in Zone C. The United States would recommend a sentence of 5 months imprisonment and 5 months home confinement.

      <u>Forfeiture:</u> Nelson Acevedo and Noraida Beltran would agree to forfeit to the United States: (i) $125,500 in cash, constituting the amount of currency seized during the search and the amounts

                                                                                                      **Attachment p. 1**

available in the frozen bank accounts; (ii) the real property located in Moca Puerto Rico, constituting two parcels of land and a 2 story house under construction; (iii) the real property in San German, constituting a business/residential 2 story house; and (iv) all technical equipment seized which was used for the illegal reproduction of the copyrighted motion pictures. The details of such forfeiture agreement, including any pertinent waivers by third-party claimants, are to be further included in the agreement. In the alternative to the forfeiture of the real property described in items (ii) and (iii), the defendants may forfeit an additional amount of $400,000.00 in cash.

This offer will stand until **June 24, 2005**. To accept this offer, a Change of Plea Motion must be filed on or before the latter date. After such date, the plea offer is withdrawn.

Should you have any questions you may contact me at (787) 766-5656 ext. 1802.

Respectfully,

**H. S. GARCIA**
United States Attorney

Jenifer Y. Hernandez Vega
Assistant United States Attorney

Case 3:09-cv-01022-DRD   Document 12-2   Filed 12/29/2009   Page 3 of 6



U.S. Department of Justice

*H. S. Garcia*
*United States Attorney*
*District of Puerto Rico*

---

*Torre Chardon, Suite 1201*          (787) 766-5656
*350 Carlos Chardon Avenue*
*Hato Rey, Puerto Rico 00918*

September 23, 2005

**Nicolas Nogueras, Esq.**
**VIA FAX: (787) 772-4605**

           Re:    U.S. v. Nelson Acevedo et al.
                   Crim. No.04-381 (DRD)

Dear counsel:

     As you are aware, the trial in this case has been re-scheduled for October 11, 2005. In an effort to terminate matters without further litigation, we are hereby extending the deadline to accept the plea offer outlined in our letter dated June 16, 2005, until **Monday September 26, 2005**. To accept such offer, a Change of Plea Motion must be filed on or before the latter date. After such date, the plea offer is withdrawn and we will proceed to trial accordingly.

     Should you have any questions you may contact me at (787) 766-5656 ext. 1802.

                                      Respectfully,

                                      **H. S. GARCIA**
                                      United States Attorney

                                      Jenifer Y. Hernandez Vega
                                      Assistant United States Attorney

Attachment, p. 3

# Ledo. Nicolás Nogueras, Hijo
## Law Offices

Banco Cooperativo Plaza  
Suite 301 A  
Ave. Ponce de León 623  
Hato Rey, P.R. 00918

P.O. Box 195386  
San Juan, P.R. 00919-5386  
Tel. (787) 296-1958  
Tel./Fax. (787) 772-4605

September 27, 2005

VIA FAX (787) 766-6222

Hon. Jenifer Y. Hernández Vega  
Assistant United States Attorney  
U.S. Department of Justice  
Torre Chardón, Suite 1201  
350 Carlos Chardón Avenue  
Hato Rey, Puerto Rico

        Re:    U.S. v. Nelson Acevedo, et al  
               Criminal No. 04-381 (DRD)

Dear AUSA Hernández Vega:

    Thank you for your letter of September 23, 2005, which I saw yesterday.

    That same day I read your letter I communicated with my client.

    Please consider a plea without time served and litigate the forfeiture or with a forfeiture of $50,000.00.

    Please let me know.

Cordially yours,

Nicolás Nogueras, Jr.

Attachment, p. 4



U.S. Department of Justice

*H. S. Garcia*
*United States Attorney*
*District of Puerto Rico*

---

*Torre Chardon, Suite 1201*
*350 Carlos Chardon Avenue*
*Hato Rey, Puerto Rico 00918*

(787) 766-5656

September 29, 2005

**Nicolas Nogueras, Esq.**
**VIA FAX: (787) 772-4605**

        Re:   U.S. v. Nelson Acevedo et al.
                Crim. No.04-381 (DRD)

Dear counsel:

    We acknowledge receipt of your letter dated September 27, 2005. The terms of your counter plea offer are <u>unacceptable</u> and clearly do not take into consideration the extent and seriousness of the offense, nor the exposure of your clients if they proceed to trial. As indicated previously, the trial in this case is set for October 11, 2005. Since it is our understanding that the plea offer extended by the United States was rejected, we will proceed to trial accordingly.

                                      Respectfully,

                                      **H. S. GARCIA**
                                      United States Attorney

                                      Jenifer Y. Hernandez Vega
                                      Assistant United States Attorney

## Inmate Locator - Locate Federal inmates from 1982 to present

| Name | Register # | Age-Race-Sex | Release Date<br>Actual or Projected | Location |
|---|---|---|---|---|
| 1. NELSON ACEVEDO-CRUZ | 27783-069 | 42-White-M | 05-14-2009 | RELEASED |

Results 1 - 1 of 1

New Search    FAQs    Privacy

Attachmen p. 6