IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO

| | |
|---|---|
| **NELSON ACEVEDO-CRUZ**<br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br>Respondent. | *<br>*<br>*<br>*<br>*<br>*    **CIVIL NO. 09-1022 (DRD)**<br>*    **(Related to Cr. No. 04-381 (DRD))**<br>*<br>* |

## OPINION AND ORDER

Petitioner, Nelson Acevedo-Cruz (hereinafter, "Petitioner" or "Petitioner Acevedo-Cruz"), proceeding pro se has filed *nunc pro tunc* a Motion Under Title 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence, along with Memorandum of Law and Supporting Appendix, a Sworn Affidavit (D.E. #1)[1], and a Supplemental Motion (D.E. #6). The Government filed a Response to Petitioner's Motion to Vacate Sentence (D.E. #12). Petitioner filed a Reply to the Government's Response (D.E. #13). For the reasons stated below, Petitioner Acevedo-Cruz's motion pursuant to Title 28 U.S.C. Section 2255 is hereby **DENIED**.

### I. BACKGROUND

On November 4, 2004, Petitioner and his wife Noraida Beltran were indicted, along with co-defendant Luis A. Garcia-Hernandez, a/k/a Tony, for copyright and trademark infringement (Crim. D.E. #2).[2] Specifically, the Indictment charged Petitioner with: conspiracy to infringe copyrights in violation

---

[1] D.E. is an abbreviation for docket entry number.

[2] Crim. D.E. is an abbreviation for criminal docket entry number.

Civil No. 09-1022 (DRD) Page 2

of 18 U.S.C. Section 371 (Count One); aiding and abetting each other, trafficking in counterfeit labels in copies of motion pictures in violation of 18 U.S.C. Sections 2318(a), (c)(1) and (2) (Count Two); aiding and abetting each other, trafficking in counterfeit goods or services in violation of 18 U.S.C. Sections 2320(a) and (2) (Counts Five through Nine) (Crim. D.E. #2). The Indictment also included forfeiture allegations against all three defendants (D.E. #2).

Petitioner and his wife Noraida Beltran pleaded not guilty and proceeded to trial.[3] On November 23, 2005, the jury found both co-defendants guilty as to all counts in which they were charged (Crim. D.E. #118-119). Petitioner and his wife waived jury trial on the forfeiture charge, entering a stipulation covering forfeiture and restitution (Crim. D.E. #190).

At sentencing, the Court calculated a total offense level of twenty-six (26), for an advisory guideline range of sixty three to seventy-eight (63-78) months of imprisonment (S.H.Tr. 7/3/06, pp.30, 37). The Court sentenced Petitioner to forty-eight (48) months of imprisonment as to all counts to be served concurrently with each other (S.H.Tr. 7/3/06, p.37). The Court also imposed concurrent terms of supervised release of three (3) years as to each count (S.H.Tr. 7/3/06, p.37). Based on the forfeiture and restitution stipulation, the Court did not impose a fine (S.H.Tr. 7/3/06, p.39). The Court imposed the per count mandatory special monetary assessment, which totaled $900 (S.H.Tr. 7/3/06, p.40).

Petitioner appealed and on September 14, 2007, judgment was entered affirming conviction.[4] No certiorari was filed from judgment. Defendant Acevedo-Cruz's petition for relief pursuant to section 2255 was filed on December 12, 2008 (DE. #1).

## II. DISCUSSION

In his petition under 28 U.S.C. Section 2255 and Memorandum of law, Petitioner Acevedo-Cruz

---

[3] Garcia-Hernandez pled guilty pursuant to a plea agreement with the Government (Crim. D.E. #90).

[4] United States v. Beltran, 503 F. 3d 1 (1st Cir. September 14, 2007).

claims that counsel Nicolas Nogueras' assistance was ineffective because he failed to familiarize himself and/or explain to her the applicability of the sentencing guidelines. Petitioner avers that had he known of the applicability of the sentencing guidelines, he would have entered a guilty plea to mitigate the overall term of imprisonment. Petitioner requests that his conviction be vacated, that he be allowed to submit a guilty plea, and that an evidentiary hearing be granted. Petitioner further alleges in a supplemental motion that counsel never presented him the plea offer the Government mentions in a response pleading in Petitioner's co-defendant's case, and thus, failed to explain to him how to mitigate his sentence via the acceptance of responsibility resulting in ineffective assistance of counsel. The Government's response refers to the plea offer and sustains counsel rendered effective assistance of counsel.

### A. Claim of Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). But "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991) (citation omitted), cert. denied, 502 U.S. 1079.

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance was deficient and that the deficiency prejudiced the defense. Strickland, 466 U.S. at 687. In order to establish deficiency, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Id. at 688. Counsel is presumed to have acted within the range of "reasonable professional assistance," and it is petitioner who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy." Id. at 689. In order to show prejudice, a petitioner must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694.

Civil No. 09-1022 (DRD)                                                                                          Page 4

Claims of ineffective assistance of appellate counsel are measured under the Strickland standard. Evitts v. Lucy, 469 U.S. 387 (1985). Tactical choices regarding issues on appeal are properly left to the sound judgment of counsel. Jones v. Barnes, 463 U.S. 745, 751 (1983). Appellate counsel is not required to raise every non-frivolous claim, but rather select among them to maximize the likelihood of success on the merits. Lattimore v. Dubois, 311 F.3d 46, 57 (1st Cir. 2002). Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, it is difficult to demonstrate that counsel was incompetent. Smith v. Robbins, 528 U.S. 259, 288 (2000). To overcome the presumption of competence of appellate counsel in these circumstances, a petitioner must show that the omitted issues were clearly stronger than those counsel chose to assert. Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986); Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002).

In the present case, the government extended plea offers to Petitioner (D.E. #12, attachments 1-5). On June 16, 2005, an initial offer was made to Petitioner through counsel Carlos Vazquez, were instead of facing a sentencing range of at least 78-97 months of imprisonment (total offense level of 28, criminal history category I), she would be held accountable at level 17 U.S.S.G. which, assuming a criminal history category of I, would have an imprisonment range of 24-30 months to which the Government would recommend a sentence of 24 months of imprisonment. Thereafter, Plaintiff retained new counsel Nicolas Nogeras and on September 26, 2005, the government extended its offer until September 26, 2005. Counsel Nicolas Nogueras answered that he had communicated with his client and the response **was to consider a plea without time served** and to litigate the forfeiture, or a forfeiture of $50,000. The Government rejected the counter offer (D.E. #12 , attachments 1-5).

The PSR[5] reflects that on December 29, 2005, Petitioner was interviewed by the U.S. Probation Officer, in absence of his attorney, and although he admitted to making copies of the movies, he argued

---

[5] As indicated by the Government in its response to Petitioner's Motion to Vacate Sentence (D.E. #12).

that he was not committing a crime (PSR p.11, par. 44). The PSR[6] also reflects that Plaintiff and his wife stated to the probation officer that the government offered them jail time and they did not agree with the Government's offer "because they did not do anything illegal, and everybody was doing it." (PSR Addendum, pp. 7-8).

Petitioner's claim that counsel's assistance was ineffective because had he been aware of the applicable sentencing guidelines, he would have considered entering into plea negotiations to mitigate the overall term of imprisonment is contrary to the record. But the record is quite clear in that the government extended plea offers to Petitioner that included a term of imprisonment. The offers were repeatedly rejected as petitioner believed he had not performed any illegal acts.[7] Therefore, Petitioner's claim of ineffective assistance counsel fails.

**B. Request of evidentiary hearing**

Under section 2255, the District Court is required to hold an evidentiary hearing "unless the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Section 2255. The District Court may deny a Section 2255 motion without an evidentiary hearing if the movant's allegations do not involve matters outside the record and if these allegations, viewed against

---

[6] As indicated by the Government in its Response to Petitioner's Motion to Vacate Sentence (D.E. #12).

[7] Since Petitioner opted to go to trial, he was not entitled to the guideline adjustment for acceptance of responsibility. At sentencing, the court determined that Petitioner's total adjusted offense level was twenty-six (26), with a criminal history category of one(I). This yielded an advisory guideline imprisonment range of sixty three to seventy eight (63-78) months (PSR p.12). During the five (5) day sentencing hearing, counsel moved the court to depart downward, notwithstanding the government's opposition to the departure. A term of imprisonment of forty eight(48) months was eventually imposed (Crim. D.E. #193). Even if Petitioner had been granted the three (3) levels for acceptance of responsibility, to which he was not entitled because he opted for jury trial, his total offense level would have been twenty three (23). Pursuant to the 2004 guidelines, offense level twenty three (23) had a sentence exposure of forty six to fifty seven (46-57) months. Thus, Petitioner's forty eight (48) months sentence is within the guideline range he is now claiming and consequently he lacks any prejudice.

Civil No. 09-1022 (DRD) Page 6

the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. Marrow v.United States, 772 F.2d 525, 526 (9th Cir. 1985). In the instant case, Petitioner's allegations, viewed against the record, particularly since Petitioner advised the U.S. Probation Officer that he received the plea offer containing a potential sentencing term and rejected the same as he insisted he did nothing wrong, do not state a claim for relief. Further, petitioner suffered no prejudice. See N. 7 infra; hence the habeas 2255 remedy fails to comply was to lacking prejudice. Strickland, 466 U.S. at 687. Therefore, Petitioner's request for an evidentiary hearing is thus denied.

### III. CONCLUSION

For the reasons stated above, the Court hereby denies Petitioner **NELSON ACEVEDO CRUZ's** request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C Section 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of September 2010

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**United States District Judge**